UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| WINNSBORO ELEVATOR, L.L.C. | : | CIVIL ACTION NO. _____ |
| VERSUS | : | JUDGE JAMES |
| PENN MILLERS INSURANCE COMPANY | : | MAGISTRATE JUDGE HAYES |

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes petitioner, Penn Millers Insurance Company ("Penn Millers"), who with respect represents as follows:

1.

The "Petition" commencing the action sought to be removed, Case No. 43,486A Div. A, of the 5th Judicial District Court, Parish of Franklin, State of Louisiana, entitled "Winnsboro Elevator, L.L.C. vs. Penn Millers Insurance Company, *et al.*" was filed on or about February 28, 2014. A copy of the complaint is attached hereto as Exhibit "A".

2.

No further proceedings have been had in the state court action.

3.

This Notice of Removal is filed timely under 28 U.S.C. Section 1446(b), because it is filed within 30 days of receipt of Plaintiff's Petition by Penn Millers Insurance Company.[1]

---

[1] Penn Millers received the Petition on March 18, 2014

4.

Plaintiff is alleged to be a Louisiana Limited Liability Company. Named as defendants are Penn Millers, a foreign insurance company[2], and Ronnie Cassels, Jr. (Cassels), alleged to be a resident of and domiciled in the State of Louisiana.

5.

Plaintiff's Petition alleges that Penn Millers provided coverage for the loss of corn valued at $432,000 (See Ex. A at paragraph 9) which is in excess of $75,000.

6.

As a pretext for naming Defendant Cassels, it is alleged, in the alternative that Penn Millers proves a theft was perpetrated by him, that Cassels is liable for the loss of the corn in question.

7.

Plaintiff's Petition contains an incorrect statement of fact, that Penn Millers denied coverage on the basis that the theft was excluded because the theft was perpetrated by Winnsboro Elevator's employee, Cassels.

8.

Plaintiff's insurance claim was denied for other reasons.[3] Penn Millers is unaware of evidence that Cassels stole the corn in question. The Franklin Parish Sheriff's Department conducted an investigation into the purported theft, but no serious suspects were identified.

---

[2] Penn Millers Insurance Company is incorporated in and has its principal place of business in Pennsylvania.
[3] Penn Millers denied coverage based on information then known. Penn Millers reserves the right to disclaim coverage on the basis of any and all other policy provisions or legal arguments that may limit or preclude coverage. Penn Millers does not waive any of the other terms, conditions, exclusions or policy language which may be applicable and reserves the right to amend its coverage position at a later date should the facts or further inquiry warrant it.

9.

Plaintiff is unable to establish a cause of action against Cassels, as is facially apparent from plaintiff's Petition which states "No substantive evidence supports any of defendant's basis [sic] for denial of this claim" including the purported denial based on theft by an employee (paragraph 12) and "Winnsboro Elevator does not have any information indicating that Ronnie Cassels, Jr. is responsible for the theft in question" (Paragraph 17).

10.

Based on the foregoing, Cassels was fraudulently and/or improperly joined and his alleged citizenship must be disregarded in ascertaining the existence of diversity jurisdiction. See *Smallwood v. Illinois Central R.R.*, 385 F.3d 568 (5th Cir 2004).

11.

It is not required that persons improperly named as defendants join in removal. *Farias v. Bexar County Bd. of Trustees for Mental Health*, 925 F.2d. 866 (5th Cir. 1991).

12.

Penn Millers removes this case pursuant to 28 U.S.C. §§ 1441 and 1446. As described above, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the matter in controversy exceeds the sum of $75,000, exclusive of costs and interests, and it is between citizens of different states.

13.

Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

14.

No previous application has been made for the relief requested herein.

15.

This Notice of Removal has been served on all properly joined parties to the removed case.

Respectfully submitted,

By: _____
ERIK N. FAIN (#31149)
WILLIAM T. McCALL, (#9231)
DRURY B. CUNNINGHAM (#20,770)
GUILLORY & McCALL, L.L.C
901 Lakeshore Drive, Suite 1030 (70601)
Post Office Drawer 1607
Lake Charles, LA 70602
Telephone: 337.433.9996
Facsimile: 337.433.9937
Email: wtm@gmlawllc.com
Email: dbc@gmlawllc.com
Email: ef@gmlawllc.com

**Attorneys for Defendant, Penn Millers Insurance Company**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has this day been forwarded to plaintiff's attorneys, Brian E. Crawford and Samuel T. Singer, the only other known counsel of record by facsimile and/or electronic mail and by depositing same in the United States mail, postage prepaid and property addressed, this 8th day of April, 2014.

_____
ERIK N. FAIN