# State of Louisiana
## Secretary of State

03/13/2014

Legal Services Section
P O Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

PENN MILLERS INSURANCE COMPANY
P O BOX "P"
WILKES-BARRE, PA 18773

Suit No.: 43486
5TH JUDICIAL DISTRICT COURT
FRANKLIN PARISH

WINNSBORO ELEVATOR, L.L.C
vs
PENN MILLERS INSURANCE COMPANY, ET AL

Dear Sir/Madam:

I am enclosing citation served in regard to the above entitled proceeding. Please call the attorney that filed this document if you have any questions regarding this proceeding. If you received this document in error, please return it to the above address with a letter of explanation.

Yours very truly,

TOM SCHEDLER
Secretary of State

Served on: TOM SCHEDLER
Served by: B JAMES

Date: 03/12/2014
Title: DEPUTY SHERIFF

No: 930387



EXHIBIT A

TG

# Citation

WINNSBORO ELEVATOR, L L C
Versus
PENN MILLERS INSURANCE COMPANY, ET AL

DOCKET NUMBER: C-43486A
FRANKLIN Parish, Louisiana
FIFTH JUDICIAL DISTRICT COURT

To: PENN MILLERS INSURANCE COMPANY
THROUGH ITS AGENT FOR SERVICE OF PROCESS
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LOUISIANA 70809

SERVED ON
TOM SCHEDLER

MAR 12 2014

SECRETARY OF STATE
COMMERCIAL DIVISION

**YOU HAVE BEEN SUED.**

**Petition and First Set of Interrogatories and Requests For Production**

Attached to this citation is a certified copy of the/petition. The petition tells you what you are being sued for

You must EITHER do what the petition asks, OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the Franklin Parish Courthouse in the Town of Winnsboro.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for Franklin Parish, on this MARCH 3, 2014

ANN JOHNSON, Clerk of Court

By: _Alene Mayo_
Deputy Clerk of Court, Fifth District Court
Franklin Parish, Louisiana

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20_____

SERVICE $_____        BY: _____
MILEAGE $_____                  DEPUTY SHERIFF
TOTAL    $_____

ORIGINAL – RETURN          COPY – SERVICE       COPY - CLERK

ATTEST
A TRUE COPY
_Alene Mayo_
DY. CLERK OF COURT, FRANKLIN PARISH, LA

Document Number: D374579

RECEIVED & FILED

FIFTH JUDICIAL DISTRICT COURT
FRANKLIN PARISH, LOUISIANA
DIVISION "A"
TERRY A DOUGHTY, JUDGE

STATE OF LOUISIANA, PARISH OF FRANKLIN

FIFTH JUDICIAL DISTRICT COURT
FRANKLIN PARISH
CLERK OF COURT

WINNSBORO ELEVATOR, L L C   FILED: February 28, 2014

VERSUS NO 43,486 A

PENN MILLERS INSURANCE
COMPANY, ET AL

BY: Alene Mayo
DEPUTY CLERK OF COURT

## PETITION

NOW INTO COURT, through undersigned counsel, comes Winnsboro Elevator, L L C , plaintiff, a Louisiana Limited Liability Company with its principal office and place of business in Winnsboro, Franklin Parish, Louisiana, duly authorized to initiate this litigation by a Resolution of the Board of Managers, which respectfully represents that:

1.

Made Defendants herein are the following:

(a) Penn Millers Insurance Company, which may now be known as ACE Agribusiness, a foreign insurance company authorized to do and doing business in the State of Louisiana; and

(b) Ronnie Cassels, Jr , a major resident and domiciliary of Franklin Parish, Louisiana

2

Winnsboro Elevator, L L C , ("Winnsboro Elevator") is in the business of receiving, storing and distributing grain, and particularly corn  The main plant and elevator are located at 3397 Front Street, Winnsboro, Louisiana  Winnsboro Elevator maintains two other off-site storage facilities, one consisting of a POD at the Franklin Parish Industrial Park, and the other being located at the Franklin Cotton Warehouse located at 969 Highway 686, Winnsboro, Franklin Parish, Louisiana

3

When trucks/trailers deliver grain to the elevator for storage, they first come to the main elevator facility located at 3397 Front Street, where the loaded trucks/trailers are weighed  After weighing, the trucks/trailers are directed to one of the three locations where

the grain is off-loaded for storage. The trucks/trailers then return to the main elevator site where they are weighed empty, and tickets and other paperwork are prepared with regard to the amount of grain off-loaded from the trucks/trailers. Accurate records have been maintained at all times pertinent hereto of all the grain stored at each of the three locations.

4.

When the grain is sold and shipped from the elevator, the process described in Paragraph 3 is reversed. Empty trucks/trailers come to the main elevator site at 3397 Front Street and are weighed. The trucks/trailers then proceed to one of the storage sites and are loaded. The trucks/trailers then return to the elevator site and are weighed, and the amount of grain being shipped from the storage facility is recorded.

5.

Due diligence, care and caution have always been exercised in the weighing, storage, and shipping of the grain, and accurate totals and accurate records have been maintained ** [Very little shortage occurs during the normal course of business] ??

6.

During the harvest year beginning in approximately July and ending in October, 2012, Winnsboro Elevator stored over 2.5 million bushels of corn at the three storage facilities.

7.

Winnsboro Elevator began selling and shipping the stored corn in January, 2013. After first emptying the corn stored at the Franklin Cotton Warehouse, Winnsboro Elevator began selling and shipping the corn stored at the POD in the Franklin Industrial Park. As Winnsboro Elevator was completing the emptying of the POD storage facility at the Franklin Parish Industrial Park, it determined that there may be a shortage on the amount of corn sold and shipped from its storage facilities as compared to the corn taken into its storage facilities.

8.

Winnsboro Elevator carefully calculated the amount of corn taken in against the amount of corn shipped out and double-checked all calculations and records and correctly determined that it was short approximately Fifty Seven Thousand (57,000) bushels of corn

This very large amount of shortage cannot be attributed to losses occurring during the normal course of business. This grain shortage was caused by acts of theft.

9.

Winnsboro Elevator states that 57,000 bushels of corn is equivalent to approximately forty (40) truckloads of corn. According to prices at the time of $7.52 per bushel, Winnsboro Elevator calculated its loss to be Four hundred thirty two thousand dollars ($432,000.00).

10.

For the harvest year 2012-2013 and for a policy period of June 22, 2012 to June 22, 2013, Winnsboro Elevator was insured by a policy of insurance issued by Penn Millers Insurance Company, which may now be known as ACE Agribusiness, and more fully described as 2000 Agri Business Policy No. PAC2604175-04. Said policy specifically provided coverage for theft of stock or grain.

11.

After emptying the POD facility in April, 2013, and confirming that it was approximately 57,000 bushels short of corn, Winnsboro Elevator made a claim with Penn Millers Insurance Company for the shortage of corn due to theft. Considering the large volume of shortage, Winnsboro Elevator contends that the shortage is attributable to theft and is covered under the policy of insurance issued by Penn Millers Insurance Company.

12.

After investigating the claim, Penn Millers Insurance Company denied the claim and has refused to make any payment on the claim. Penn Millers Insurance Company has proffered several speculative and unconfirmed reasons for its denial of coverage, including a citation to an exclusion in the policy which provides that there is no coverage for theft by an employee. Penn Millers Insurance Company has suggested that Ronnie Cassels, Jr., a former employee of Winnsboro Elevator, was responsible for the theft(s) of the corn which occurred while he was working for Winnsboro Elevator, and that said theft(s) by Ronnie Cassels, Jr., is excluded from coverage under the policy in question. No substantive evidence supports any of defendant's basis for denial of this claim.

13.

Winnsboro Elevator shows that it not only cooperated completely with the investigation conducted by Penn Millers Insurance Company, but it also cooperated completely with the investigation conducted by the Franklin Parish Sheriff's office into the circumstances surrounding the shortage of corn. Winnsboro Elevator states that the Franklin Parish Sheriff's office was unable to determine the cause of the shortage or who stole the corn. More specifically, the Franklin Parish Sheriff's office has not charged any present or former employee or representative of Winnsboro Elevator with theft of the corn despite its thorough investigation.

14.

Winnsboro Elevator contends that there exists no rational or reasonable basis for the denial of this claim by Penn Millers Insurance Company, and that Penn Millers Insurance Company is responsible under its policy for the loss sustained by Winnsboro Elevator in the approximate amount of $432,000.00. Winnsboro Elevator has submitted satisfactory proof of loss and demand detailing its loss and damage. Despite the submission of a satisfactory proof of loss, Penn Millers Insurance Company has refused to make any payment under the aforedescribed policy and has not made an unconditional tender of any amount. More than thirty (30) days has elapsed since the submission of satisfactory proof of loss and demand.

15.

Winnsboro Elevator submits that the actions of Penn Millers Insurance Company have been arbitrary and capricious, or without probable cause, and in addition to its damages for the losses sustained, Winnsboro Elevator is entitled to recover penalties and attorney's fees and all costs of this matter in accordance with the provisions of La. R.S. 22:1892, together with interest from date of judicial demand.

16.

In the alternative, and only in the event it is determined that Penn Millers Insurance Company is not liable for the loss in question, and in the event that it is determined that Penn Millers Insurance Company is correct in its assertion that the theft in question was attributable to the actions of former employee Ronnie Cassels, Jr., then Winnsboro

Elevator shows that Ronnie Cassels, Jr., is liable to it for the theft of the corn in question.

17

Winnsboro Elevator shows that Ronnie Cassels, Jr., was a full-time employee of Winnsboro Elevator during the time period in question, had a key to the storage facility at the Franklin Cotton Warehouse and had access to the POD storage facility. While Winnsboro Elevator does not have any information indicating that Ronnie Cassels, Jr., is responsible for the theft in question, Winnsboro Elevator shows that in the event Penn Millers Insurance Company proves a theft on the part of Ronnie Cassels, Jr., then Winnsboro Elevator seeks recovery from Ronnie Cassels, Jr., for its losses, plus all costs of this matter and interest from date of judicial demand.

WHEREFORE, WINNSBORO ELEVATOR, L.L.C., PRAYS that the defendants be served with a copy of this petition and cited to appear herein, and after all due proceedings are had, there be judgment herein in favor of Winnsboro Elevator, L.L.C., and against Penn Millers Insurance Company, which may now be known as ACE Agribusiness, in such amounts as are reasonable in the premises to compensate plaintiff for its loss as described herein, for penalties and attorney's fees in accordance with La. R.S. 22:1892, together with legal interest from date of judicial demand until paid and for all costs of these proceedings.

WINNSBORO ELEVATOR, L.L.C., FURTHER PRAYS, in the alternative, and only in the event it is determined that Penn Millers Insurance Company is not responsible for the shortage of corn due to theft as alleged herein, and in the event it is determined that Ronnie Cassels, Jr., is responsible for the theft in question, then plaintiff prays there be judgment herein in favor of Winnsboro Elevator, L.L.C., and against Ronnie Cassels, Jr., in such amounts as are reasonable in the premises together with legal interest from date of judicial demand until paid and for all costs of these proceedings.

WINNSBORO ELEVATOR, L.L.C., FURTHER PRAYS for all orders and decrees necessary and proper herein and for full, general and equitable relief.

Respectfully Submitted,

SAMUEL T. SINGER
Attorney at Law
6603 Main Street
Winnsboro, LA 71295
Telephone: 318-435-9033
Facsimile: 318-435-5225

BY _____
SAMUEL T. SINGER, Bar No. 12095

AND

CRAWFORD & OGG
1818 Avenue of America
Post Office Box 14600
Monroe, Louisiana 71207-4600
Ph. (318) 325-3200, Fax (318) 325-3482

By: _____
BRIAN E. CRAWFORD, Bar Roll No. 4582
RAMSEY L. OGG, Bar Roll No. 2023

ATTORNEYS FOR WINNSBORO ELEVATOR, L.L.C.

PLEASE SERVE:

1. PENN MILLERS INSURANCE COMPANY
   *through its agent for service of process*
   LOUISIANA SECRETARY OF STATE
   8585 ARCHIVES AVENUE
   BATON ROUGE, LOUISIANA 70809

2. RONNIE CASSELS, JR
   559 HWY. 130
   WINNSBORO, LA 71295

## VERIFICATION

STATE OF LOUISIANA

PARISH OF FRANKLIN

BEFORE ME, the undersigned Notary, personally came and appeared:

RYAN ELLINGTON, who after first being duly sworn, did depose and say that he is the Managing Member of Winnsboro Elevator, L.L.C., petitioner, in the above and foregoing Petition and that as such, he has fully read same, and that all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief

_____
Ryan Ellington, Managing Member
Winnsboro Elevator, L.L.C.

SWORN TO AND SUBSCRIBED before me, Notary Public, on this 26th day of February, 2014.

_____
NOTARY PUBLIC, No. 111352
Print name: Janet K Foy

ATTEST
A TRUE COPY
Alene Mayo
DY. CLERK OF COURT, FRANKLIN PARISH, LA

STATE OF LOUISIANA * PARISH OF FRANKLIN

FIFTH JUDICIAL DISTRICT COURT

WINNSBORO ELEVATOR, L.L.C.    FILED: February 28, 2014

VERSUS NO 43,486A

PENN MILLERS INSURANCE    BY: _____
COMPANY, ET AL                       DEPUTY CLERK OF COURT

## FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

TO:   PENN MILLERS INSURANCE COMPANY
*through its agent for service of process*
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LOUISIANA 70809

PLEASE TAKE NOTICE that you are hereby notified and required to answer separately the following Interrogatories and Requests for Production fully, in writing, and under oath, and to serve your answers to plaintiffs herein, through their attorney of record, Brian E. Crawford, Crawford & Ogg, Post Office Box 14600, 1818 Avenue of America, Monroe, Louisiana 71207-4600, within thirty (30) days from service hereof in accordance with the provisions of Articles 1457 and 1458, et seq., of the *Louisiana Code of Civil Procedure*.

### REQUEST FOR PRODUCTION NO. 1:

Please produce a complete copy of all written documentation compiled and submitted to ACE Agribusiness f/k/a Penn Millers Insurance Company by Winnsboro Elevator, L.L.C., in connection with the claim which is the subject matter of this litigation. This request includes all written documentation, support data for the amount of the claim, and any and all other written documentation submitted to ACE Agribusiness f/k/a Penn Millers Insurance Company by Winnsboro Elevator, L.L.C., or obtained by ACE Agribusiness f/k/a Penn Millers Insurance Company.

### REQUEST FOR PRODUCTION NO. 2:

Please produce a certified copy of 2000 Agri Business Policy No. PAC2604175-04 issued by ACE Agribusiness f/k/a Penn Millers Insurance Company to Winnsboro Elevator, L.L.C., for the policy period of June 22, 2012 to June 22, 2013.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce a copy of the entire claims file of ACE Agribusiness f/k/a Penn Millers Insurance Company, including but not limited to all documents which were reviewed or otherwise used in denying the claim of Winnsboro Elevator, L.L.C., for the theft of approximately 57,000 bushels of corn during the harvest year 2012-2013. If you claim that any documents are not discoverable or are subject to a privilege, please list the document which is not being produced, give a brief description of the document, and give the reason why the document is not produced.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of all statements, whether written or oral, taken from any person during your investigation of the claim in question, including but not limited to any current or former employees of Winnsboro Elevator, L.L.C., or any other person. If the statement is in a recorded form, whether digital or otherwise, please produce a copy of the recording.

**INTERROGATORY NO. 1:**

Please provide a detailed explanation of every reason why the claim in question has been denied. Please do not refer strictly to your letter of October 28, 2013, from Sandy Beggs to Winnsboro Elevator, L.L.C. If you choose to answer this interrogatory by simply referring to the letter of October 28, 2013, please provide specific facts and documents which support each alleged reason for denial of the claim in question.

**INTERROGATORY NO. 2:**

Please list the name and address of any person to your knowledge who knows anything about the claim in the question, whether it relates to the facts in question or the investigation of the claim, or the denial of the claim. Please provide a brief synopsis of the information possessed by each person. This is not a request for you to list the names of witnesses who may be called at trial, which listing will be governed by any pre-trial orders issued by the Court. This is a request for you to list the names of persons with knowledge of this claim **at the time** you receive these interrogatories and requests for production.

**INTERROGATORY NO. 3:**

Please list all documents in your possession which support the position(s) you have

taken with regard to the claim in question and with regard to the denial of the claim. This includes all documents gathered by you in your investigation and/or which were provided by Winnsboro Elevator, L.L.C. This is not a request for you to list the exhibits which might be used at trial, which listing will be governed by any pre-trial orders issued by the Court. This is a request for you to list the documents in your possession **at the time** you receive these interrogatories and requests for production.

While two of these requests seek information in your possession at the time you receive these interrogatories and requests for production; nevertheless, these discovery requests are continuing and on-going and require supplementation as information becomes available to you

                                      Respectfully Submitted,

                                      SAMUEL T SINGER
                                      Attorney at Law
                                      6603 Main Street
                                      Winnsboro, LA 71295
                                      Telephone: 318-435-9033
                                      Facsimile: 318-435-5225

                                BY: _____
                                      SAMUEL T. SINGER, Bar No. 12095

AND

CRAWFORD & OGG
1818 Avenue of America
Post Office Box 14600
Monroe, Louisiana 71207-4600
Ph. (318) 325-3200, Fax (318) 325-3482

By: _____
     BRIAN E. CRAWFORD, Bar Roll No. 4582
     RAMSEY L. OGG, Bar Roll No. 2023

ATTORNEYS FOR WINNSBORO ELEVATOR, L.L.C.

                                                  ATTEST
                                           A TRUE COPY
                                 _____
                              DY. CLERK OF COURT, FRANKLIN PARISH, LA

RECEIVED
MAR 11 2014
E.B.R. SHERIFF'S OFFICE